UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02286-TWP-DML |
| | ) | |
| SGT GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgement filed Defendant

Sergeant Gray. (Dkt. 17).  Plaintiff Kevin Meyers ("Mr. Meyers") is incarcerated in the Indiana

Department of Correction ("IDOC") at New Castle Correctional Facility. He alleges in this civil

rights lawsuit that Sergeant Gray subjected him to excessive force at Pendleton Correctional

Facility. Sergeant Gray asserts that summary judgement is warranted because Mr. Meyers failed

to exhaust his available administrative remedies as required by the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e, before filing this lawsuit.  For the reasons stated below, Sergeant

Gray's Motion is **granted**.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for

its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. FACTS

The IDOC maintains an Offender Grievance Process that is meant to provide an administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. (Dkt. 17-1 ¶ 6). The Grievance Process consists of three steps: (1) an "Offender Grievance" submitted no later than 10 business days from the date of the incident; (2) an appeal to the Warden/Designee; and (3) an appeal to the Offender Grievance Manager. *Id.* ¶ 11, 14. If an inmate cannot file a grievance within the 10-day time frame, he must document and submit the reason for his delay with the appropriate form. (Dkt. 17-2 at 14). There is no record that Mr. Meyers filed a grievance on his claim that Sergeant Gray used excessive force against him. (Dkt. 17-1 ¶ 21).

In response to the motion for summary judgment, Mr. Meyers states that he did not follow the Grievance Process because he was on suicide watch and going through a psychotic episode for

a period of six months. (Dkt. 23). Mr. Meyers also filed a notice to the court in which he describes the facts underlying his claim against Sergeant Gray. (Dkt. 22).

## III. DISCUSSION

### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Discussion

It is undisputed that Mr. Meyers did not file a grievance regarding his claim that Sergeant Gray used excessive force against him. Mr. Meyers suggests that the Grievance Process was not available to him because he could not submit a grievance within ten business days of the alleged incident. But the grievance policy required him to try to grieve nonetheless, by submitting the reason for his delay with the appropriate form. (Dkt. 17-2 at 14). Mr. Meyers has submitted no evidence that he attempted to do so. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).  Accordingly, because Mr. Meyers

did not file a grievance or attempt to file one once he was able to, as the grievance policy required, Sergeant has Gray shown that he failed to exhaust his administrative remedies before he filed this lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment, dkt. [17], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date:   5/26/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN MEYERS
195712
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov

Virginia Marso
INDIANA ATTORNEY GENERAL
virginia.marso@atg.in.gov